FILED

2016 Nov-22  AM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| KATHY MORTON, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | **Case No.: 6:15-CV-1589-VEH** |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER, SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| **Defendant**. | ) | |

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff Kathy Morton ("Ms. Morton") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Ms. Morton timely pursued and

---

[1]  In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

1

exhausted her administrative remedies available before the Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g).[2] For the following reasons, the court **REVERSES** and **REMANDS** the Commissioner's decision for further consideration in accordance with this opinion.

## STATEMENT OF THE CASE

Ms. Morton was 48 years old at the time of her hearing before the Administrative Law Judge ("ALJ"). *Compare* Tr. 56 *with* Tr. 162. She has completed 15 years of education. Tr. 80. Her past work experience includes employment as a cashier, technical support customer service provider, daycare worker, stocker, and manager of convenience store. Tr. 80. She claims she became disabled due to worsening nerve damage in her legs and depression. Tr. 216, 249. Her last period of work ended on April 23, 2012. Tr. 216.

On March 18, 2013, Ms. Morton protectively filed a Title II application for a period of disability and DIB. Tr. 56. She also protectively filed a Title XVI application for SSI on that date. *Id.* On May 2, 2013, the Commissioner initially denied these claims. *Id.* Ms. Morton timely filed a written request for a hearing on May 8, 2013. *Id.* The ALJ conducted a hearing on the matter on October 1, 2013. *Id.*

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

On  March 6, 2014, he issued his opinion concluding Ms. Morton was not disabled and denying her benefits. Tr. 53. She timely petitioned the Social Security Appeals Council (the "Appeals Council") to review the decision on March 27, 2014. Tr. 49.

Ms. Morton requested that the Appeals Council review the ALJ's decision denying benefits and submitted additional evidence to support her claim on August 28, 2014. Tr. 8-41, 338-369.[3] Specifically, Ms. Morton submitted medical records from Dr. Carter Harsh dated from May 1, 2014 to May 27, 2014. *Id.* On July 24, 2015, the Appeals Council issued a denial of review on her claim. Tr. 1-4.

Ms. Morton filed a Complaint with this court on September 14, 2015, seeking review of the Commissioner's determination. (Doc. 1). The Commissioner answered on December 21, 2015. (Doc. 6). Ms. Morton filed a supporting brief (doc. 11) on March 16, 2016, and the Commissioner responded with her own (doc. 12) on April 1, 2016.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner

---

[3]  Because portions of the evidence submitted to the Appeals Council were illegible, the undersigned requested that the Commissioner re-file a more legible transcript of that evidence. The Commissioner filed a supplemental transcript on November 15, 2016. (Doc. 13). Therefore, throughout this opinion, references to the evidence first presented to the Appeals Council will cite to page numbers from both the original transcript and the supplemental transcript.

is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act

4

and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national

---

[4]   The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable

C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-

63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy

in significant numbers. *Id.*

## ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

1.   Ms. Morton met the insured status requirements of the Social Security

     Act through September 30, 2013.

2.   She had not engaged in substantial gainful activity since April 23, 2012,

     the alleged disability onset date.

3.   She had the following severe impairments: chronic venous insufficiency

     and early facet arthropathy at the L4-5 and L5-S1 discs (20 C.F.R. §§

6

404.1520(c) and 416.920(c)).

4.      She did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.      She had the residual functioning capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b).

6.      She was able to perform past relevant work as a cashier, technical support customer service provider, daycare worker, stocker, and manager of convenience store.

7.      Ms. Morton had not been under a disability, as defined in the Social Security Act, from April 23, 2012, through the date of this decision.

Tr. 58-63.

## DISCUSSION

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980)).[5] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. 404.900(b)). Even though the Appeals Council is not required to review the ALJ's denial of benefits, 20 C.F.R. § 416.1470(b), it "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Id*; *see also* 20 C.F.R. §§ 404.970(b) ("If new and material evidence is submitted . . . the Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."). If new evidence is material and chronologically relevant, the Appeals Council must determine whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

In reviewing the Commissioner's decision to deny benefits to Ms. Morton, this court must evaluate any evidence not submitted to the ALJ but instead first considered by the Appeals Council. *Ingram*, 496 F.3d at 1257. The new evidence

---

[5] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

need not satisfy the requirements for a remand under sentence six of 42 U.S.C. § 405(g). *Id.* at 1262. That is, Ms. Morton need not show "good cause" for her failure to present the evidence to the ALJ. *Id.* Rather, "when a claimant [has] properly present[ed] new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Id.*

At issue is whether Dr. Harsh's treatment notes, first presented to the Appeals Council, were new, material, and chronologically relevant. As discussed below, because the undersigned concludes that they were, the refusal to consider the evidence was legal error, and this case is due to be **REVERSED** and **REMANDED** to the Social Security Administration.

**I.** *Dr. Harsh's Treatment Notes Were Chronologically Relevant*

Whether the additional evidence meets the new, material, and chronologically relevant standard is a question of law subject to *de novo* review. *Washington v. Comm'r of Soc. Sec. Admin*, 806 F.3d 1317, 1321 (11th Cir. 2015)(per curiam). When an Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.* (finding that the Appeals Council committed legal error when it refused to consider materials by a licensed psychologist who examined the plaintiff because the Council did not consider the materials chronologically relevant). In *Washington*, the physician based his opinions on (1) information from

the plaintiff that he had experienced symptoms "throughout his life," and (2) the plaintiff's "health treatment records from the period before the ALJ's decision." *Id.* at 1322. The court in *Washington* then concluded that the treating physician's opinions were "chronologically relevant even though [the physician] examined him several months after the ALJ's decision" because they "relate[d] back to the period before the ALJ's decision." *Id.*

The opinion need not explicitly state that it relied on and related back to medical opinions provided during the time frame of the ALJ's decision. *See id.* ("Although [the physician] never explicitly stated that his opinions related back to the date of the ALJ's decision, we have recognized that medical opinions based on treatment may be chronologically relevant.") (citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) (finding that a treating physician's opinion was still entitled to significant weight notwithstanding that he did not treat a claimant until after the relevant determination date), *superceded on other grounds by statute*, 42 U.S.C. § 423(d)(5)). The Eleventh Circuit concluded that the physician's opinions were "chronologically relevant, even though his evaluation occurred after the date of the ALJ's decision." *Id.* at 1323.

It is undisputed that the Appeals Council denied review of the additional

evidence of Dr. Harsh's June 10, 2014[6] treatment note. The Appeals Council stated,

> We also looked at reports from Dr. Carter Harsh dated May 1-27, 2014. The Administrative Law Judge decided your case through March 6, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 6, 2014.

Tr. 2.

However, in his treatment note from June 10, 2014, Dr. Harsh relied upon Ms. Morton's Lumbar MRI scan from December 4, 2012, which "shows multilevel disc bulging with apparent moderate spondylosis." Tr. 31, 359. After reviewing this study and conducting a physical exam, Dr. Harsh concluded,

> We discussed the multilevel findings, treatment options as well as potential for surgery, risks and benefits thereof. Questions were answered. She indicates understanding and requests to proceed with C5-6 ACDR. She will be scheduled for surgery following blood work with PT, PTT, INR, and CBC and repeat cervical MRI scan.

*Id.* Therefore, like in *Washington*, Dr. Harsh's treatment notes relate back to and discusses a treatment record from a period before the ALJ's decision. Furthermore,

---

[6] There appears to be some confusion as to the dates of Dr. Harsh's medical records that were submitted as additional evidence to the Appeals Council. Plaintiff's counsel indicated in his fax to the Appeals Council that he was submitting "medical records from Dr. Carter Harsh, dated 05/01/2014 to 05/27/2014." Tr. 8. However, the records submitted to the Appeals Council include treatment notes dated on June 10, 2014 that discuss Ms. Morton's office visit on May 1, 2014. Tr. 30-41, 358-69. While Defendant refers to the record by the date of the office visit, May 1, 2014 (doc. 12 at 6), plaintiff refers to the treatment note by its June 10, 2014 record date (doc. 11 at 9). Regardless, it is undisputed that this treatment note was part of the additional evidence submitted to the Appeals Council on August 28, 2014. Tr. 8-41, 338-69. The court will refer to this document by its June 10, 2014 office visit record date.

Dr. Harsh's assessment was made within several months of the ALJ's decision. *Cf.* Tr. 30, 358 with Tr. 53. Therefore, the Appeals Council erred in failing to consider Dr. Harsh's treatment notes as chronologically relevant evidence.

## II.   *Dr. Harsh's Treatment Notes Were New and not Cumulative*

The evidence is new if it is not cumulative to what the claimant presented before the ALJ. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). The non-cumulative requirement is satisfied by the production of new evidence not contained in the administrative record. *Cannon v. Bowen*, 858 F.2d 1541; *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001)(finding that new evidence submitted to the Appeals Council of a herniated disc and subsequent corrective surgery, occurring after the ALJ's decision, was new and non-cumulative). So long as the evidence was not available at the time of the administrative hearing, it meets the "newness" requirement.  *See Lipscomb v. Comm'r of Soc. Sec.*, 199 Fed. App'x 903 (11th Cir. 2006) (finding that when the claimant presented additional evidence of a doctor's questionnaire to the Appeals Council, it was "new and non-cumulative because <u>no similar evidence was presented at the administrative hearing</u>") (emphasis added).[7]

---

[7]  In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2. Indeed, under the well-established "prior panel precedent rule" of this Circuit, the holding of the first panel to address an issue is the law

It is undisputed by the parties that Dr. Harsh's assessment, dated June 10, 2014, was not previously considered by the ALJ as of the date of his decision on March 6, 2014. Dr. Harsh's notes indicate he considered Ms. Morton's impairments sufficiently severe to potentially warrant surgery, and Defendant fails to demonstrate another point in the record considered by the ALJ where surgery was similarly discussed.

Further, while both parties agree that the December 4, 2012, MRI scan was part of the record considered by the ALJ, the court is not persuaded by Defendant's argument that Dr. Harsh's later assessment of the scan should be considered cumulative merely because it referenced evidence already found in the ALJ record. Tr. 61; (Doc. 11 at 9); (Doc. 12 at 7).

Therefore, Dr. Harsh's treatment notes, dated after the date of the ALJ's decision, were new and not cumulative.

## III.   *Dr. Harsh's Treatment Note Was Material*

New evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted); *see also*

---

of this Circuit, and it binds all subsequent panels unless and until the first panel's holding is overruled by the court sitting en banc or by the Supreme Court. *E.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991)).

13

*Washington*, 806 F.3d at 321 (finding the treating physician's opinion was material because, if accepted, it could reasonably establish that the plaintiff had an impairment meeting or equaling a listed impairments). Any attempt by the Commissioner in her brief to discount the additional evidence "carries little weight" in the court's calculation of materiality and is therefore "advisory at best." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Ms. Morton asserts that Dr. Harsh's "new view that these MRI results are sufficiently severe to possibly require surgery shows the claimant's condition to be substantially worse than previously considered." (Doc. 11 at 9-10). The record shows that when Ms. Morton met with Dr. Harsh, a neurosurgeon, on May 1, 2014, she complained of "progressive difficulty with low back pain radiating diffusely into the left worse than right leg"; "numbness and tingling in the same distribution"; weakness in both legs; urinary incontinence; and "feelings of numbness and tingling in all her fingers and arm diffusely." Tr. 30, 358. After a physical exam, Dr. Harsh made note of the following conditions: "cervical and lumbar moderate tenderness"; a "wide-based and slow" gait; difficulty with bilateral heel and toe walk and a need for "significant hand assistance for step up bilaterally"; and edema in both feet. Tr. 31, 359. Dr. Harsh also noted that "strength is full to direct testing" and found a "CV regular rate and rhythm without

14

murmur or gallop." *Id.* After Dr. Harsh discussed the findings, treatment options, and "potential for surgery, risks and benefits thereof," his treatment notes indicate that Ms. Morton would be "scheduled for surgery following blood work . . . and repeat cervical MRI scan." *Id.*

Considering this evidence, this court finds there is at least a reasonable possibility that Dr. Harsh's chronologically relevant assessment is material to the determination of benefits. Therefore, because Dr. Harsh's treatment notes from June 10, 2014, were new, material, and chronologically relevant, the Appeals Council was "required to consider them." *Washington*, 806 F.3d at 1323. The Appeals Council's failure to consider the evidence from Dr. Harsh was an error of law that requires reversal and remand to the Commissioner for consideration of this evidence along with the rest of the evidence in the record.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, the decision will be **REVERSED** and **REMANDED** by separate order.

**DONE** and **ORDERED** this the 22nd day of November, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge